### PAIST v. ÆTNA LIFE INS. CO.
### No. 4867.

Circuit Court of Appeals, Third Circuit.
Aug. 5, 1932.

See, also, 54 F.(2d) 393.

Robert T. McCracken and Lawrence M. C. Smith, both of Philadelphia, Pa., for appellant.

Paul Reilly, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Mrs. Helen H. Paist, the beneficiary of a policy on the life of her husband with a double indemnity in case of accidental death, brought suit thereon. The insurance company conceded its liability on the decedent's life, paid the amount thereof into court, and contested its liability for double indemnity. On trial the court instructed the jury the plaintiff had shown no liability of defendant and gave binding instructions for the latter. From a judgment entered on such verdict, the plaintiff appeals.

The case turns on the construction of the double indemnity clause. That clause, in so far as applicable to the present case, provided for indemnity under two conditions—the first that the insured's death "results directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means"; the second, "if such accident is evidenced by a visible contusion or wound on the exterior of the body."

In the view we take of this case we assume, for present purpose, but without so deciding, that the death of the deceased was an accident within the first clause, and therefore confine ourselves wholly to the question whether, being an accident, it was "evidenced by a visible contusion or wound on the exterior of the body."

Now the proofs in the case tended to show that the plaintiff's husband died as the result of a sunstroke sustained while playing golf on an afternoon in September of high humidity with a maximum temperature of 89. In its opinion the court below said: "I am also of the opinion that there is no evidence in this case of a visible contusion or wound upon the exterior of the body. To hold that a flushed, sunburned face is a wound or contusion would be straining language far beyond any reasonable meaning which could be assigned to it. It might be just possible to bring it under the definition of wound given by the Century Dictionary as the meaning of the word in medical jurisprudence and cited by the plaintiff, but in insurance policies courts have again and again refused to adopt technical definitions and have adhered to the ordinary and popular meanings of words used. There is no reason why this rule should not work both ways. Certainly in ordinary parlance 'contusion' is almost exactly synonymous with 'bruise,' and to say that a flushed countenance is a wound would go beyond the limit of allowable interpretation." 54 F.(2d) 393, 395.

We find no error in such view. We are here dealing with a written contract in which the parties agreed that the accident against which the insured was indemnified was one "evidenced by a visible contusion or wound on the exterior of the body." These words "contusion," "wound," "visible on the exterior of the body," are of well-known commonly understood meaning. "Contusion," which has as its Latin origin, "con" and "tundere," to strike, means a bruise or wound caused by a blow, but where, as here, no physical blow is struck, where there is no bruising, where the skin is not blow-bruised or blow-broken, certainly, in common speech and common understanding, the death of the plaintiff's husband from sunstroke cannot be said to be "evidenced by visible contusion or wound on the exterior of the body."

So construing the words in which the parties contracted, the judgment of the court below is affirmed.