MADELINE B. PAUL v. THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 74609

Memorandum filed February 9, 1949.

*Keogh & Condee,* of South Norwalk, for the Plaintiff.

*Lorin W. Willis,* of Bridgeport, for the Defendant.

QUINLAN, J. This case arose from a contract of insurance providing for an additional payment of $5,000 in case of accidental death subject to the limitations hereinafter set forth.

The deceased, employed by a funeral director, while engaged with another man in delivering a prepared body to the funeral parlors claimed to have had an accident while ascending some steps. Neither of the men weighed more than 150 pounds. The combined weight of the body and casket was 400 pounds. The men had been expecting a third and larger man (he was a witness) to appear, but because of delay they undertook the task without him. It is claimed the casket slipped. (Distinguishing feature from *Rock* v. *Travelers Ins. Co.,* 172 Cal. 462.)

Whether there was an accident was submitted to the jury and the question was one of fact. *King* v. *Travelers Ins. Co.,* 123 Conn. 1, 5. I did my best to project the factual situation on that point to them in relation to the law that if the act performed is manifestly dangerous it is not by accidental means. The jury have decided that question and I shall not engage in distinctions between accidental results and accidental means. Defendant does not in this respect except to charge.

The question most vigorously contested is one of first impression in this state except insofar as our courts might desire to be in harmony with the federal court of this district. See *Huss* v. *Prudential Ins. Co.,* 37 F. Sup. 364.

The important words of the contract thus in controversy read that the death shall be "as a result directly and independently of all other causes, of bodily injuries, effected solely through external violent and accidental means of which there shall be a *visible contusion or wound on the exterior of the body.*"

It is claimed that there was no visible "wound" or "contusion" on the exterior of the body. The face of the deceased turned purple. The defendant has cited many cases to sustain this claim and in doing so take exception to the court's charge on the question. The court was well aware that this would be done, indeed on a motion to direct a verdict which was reserved over night the court was strongly of the opinion there was no ambiguity in the language of the contract, so as to permit of construction, and was inclined to distinguish "signs" and "marks" from "wounds" and "contusions." Among the decisions cited by the defendant are the following: *Dupee* v. *Travelers Ins. Co.,* 253 App. Div. (N. Y.) 278; *Paist* v. *Aetna Life Ins. Co.,* 54 F. 2d 393, 60 F. 2d 476; *Lavender* v. *Volunteer State Life Ins. Co.,* 171 Miss. 169; *Travelers Ins. Co.* v. *Ansley,* 22 Tenn. App. 456.

The *Dupee* and *Paist* cases, supra, seem to be the two leading cases adhering to the ordinary and popular meaning of "wounds" and "contusions." The *Dupee* case followed the authority of the *Paist* case and in both cases acknowledgment is frankly made by the court either of the possibility of bringing the words under the definition in Century Dictionary as the meaning in medical jurisprudence or that decisions have been rendered permitting recovery, but shy away from sunstroke cases. However, there has been a sunstroke case of recent decision wherein recovery was allowed. *Huss* v. *Prudential Ins. Co.,* supra.

Distinction should, I know, be made between policies using the words "sign" or "mark" and the words "visible contusion or wound." And yet unless one clings slavishly to the words, it must be admitted that the idea is to prevent simulated claims, or why except "drownings"?

I chose to charge the jury in accordance with the opposite authority annotated in 117 A. L. R. 760 under the case of *Warbende* v. *Prudential Ins. Co.,* 97 F. 2d 749. The language of the

policy there under examination was almost identical with the case in hand. There the word "wound" was considered to. mean "any lesion of the body" and a lesion as a "hurt, loss or injury." The cases of *Gasperino* v. *Prudential Ins. Co.,* (Mo. App.) 107 S. W. 2d 819, *Thompson* v. *Loyal Protective Assn.,* 167 Mich. 31, and *People* v. *Durand,* 307 Ill. 611, 624, are referred to in the *Warbende* case, and the annotation includes the case of *Harasymczuk* v. *Massachusetts Accident Co.,* 127 Misc. (N : Y.) 344, as well as others.

Whatever conclusion I might come to, I charged the jury on the broader definition of "wound" and "contusion" keeping away, however, from "signs" or "marks." The jury have found in favor of the plaintiff. The defendant wants the case decided by our Supreme Court; indeed neither party, if the loser, would let the matter drop and I shall let the higher court determine the point involved.

The motion is denied.